IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

BRENDA HUBBARD,            )
                           )
        Plaintiff,         )
                           )
  v.                       )   Case No. CIV-17-81-D
                           )
ORAL AND MAXILLOFACIAL     )
ASSOCIATES, LLC,           )
                           )
        Defendant.         )

# **O R D E R**

Before the Court is Plaintiff's Motion for Partial Summary Judgment Regarding Breach of Contract Claim [Doc. No. 25], filed pursuant to Fed. R. Civ. P. 56 and LCvR56.1. Plaintiff seeks a judgment in her favor on one claim asserted in her pleading, that Defendant breached a written contract by failing to pay an agreed amount of wages after the contract ended. Defendant has responded in opposition to the Motion, which is fully briefed.[1]

## **Statement of Undisputed Facts**

Plaintiff Brenda Hubbard was employed by Defendant Oral and Maxillofacial Associates, LLC as its administrator under a written employment agreement dated November 28, 2012. *See* Pl.'s Mot. Partial Summ. J., Ex. 1 [Doc. No. 25-1] (hereafter, the "Contract").[2] The Contract stated a term of employment "for a period of one (1) year

---

[1] Plaintiff did not file an optional reply brief pursuant to LCvR7.1(i).

[2] Defendant also provides copies of the Contract as exhibits to its response brief [Doc. No. 34-1] and its summary judgment motion [Doc. No. 30-9], but the copies are identical.

commencing on December 3, 2012 and ending at 5:00 p.m. on December 2, 2013 (the "Initial Term"), unless terminated earlier as provided herein." *Id*. ¶ 2. However, the Contract would "automatically renew for successive one-year terms . . . unless either party notifie[d] the other in writing at least ninety (90) days in advance of the expiration of the Initial Term or any successive term that it will not be renewed." *Id*. By operation of this renewal provision, the Contract continued in effect until December 2016.

On August 25, 2016, Defendant gave Plaintiff written notice by letter that it had decided not to renew the Contract. The letter also stated that "unless earlier terminated as provided in the [Contract], your employment agreement will terminate at 5:00 p.m. on December 2, 2016." *See* Pl.'s Mot. Partial Summ. J., Ex. 2 [Doc. No. 25-2]. Although the parties disagree about whether Plaintiff continued working until December 2, 2016, it is undisputed that she was not terminated before that date and her employment by Defendant ended on that date.

The Contract contained a separate section regarding "Termination of Employment." *See* Contract, ¶ 7. In numbered subparagraphs, it provided for termination upon Plaintiff's death or disability (¶ 7.1(a)-(b)), termination by Defendant with or without cause (¶ 7.1(c) and ¶ 7.2), and termination by Plaintiff with or without cause (¶ 7.3 and ¶ 7.4). The Contract also provided "Rights Upon Termination" (¶ 7.5) and, as pertinent to Plaintiff's claim, stated as follows concerning "Continuation of Base Salary Under Certain Circumstances" (¶ 7.5.2): "If this Agreement is terminated by [Defendant] pursuant to Section 7.1(c), [Plaintiff] shall be entitled to continue to receive her Base Salary for a period of three (3) months following the date of termination." Section 7.1(c) allowed

2

Defendant to "terminate this Agreement at any time, without cause and for any reason, by giving notice to" Plaintiff.

**Plaintiff's Motion**

In her pleading, which was filed in state court, Plaintiff asserts a claim under Oklahoma law that Defendant breached the Contract by failing to pay her a sum equal to her base salary for a three-month period following her termination date, as provided in ¶ 7.5.2 of the Contract. *See* Pet. [Doc. No. 1-1] ¶ 31.[3] By her Motion, Plaintiff seeks summary judgment only on that claim. She argues that the termination date of the Contract was December 2, 2016, and thus she was entitled to receive her base salary for an additional three months after that date.

Defendant argues that the continued-pay provision of ¶ 7.5.2 is inapplicable to the termination of Plaintiff's employment, which was accomplished by nonrenewal of the Contract under ¶ 2 rather than Defendant's termination of the Contract under ¶ 7.1(c).

**Standard of Decision**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, a court must view all facts and inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, only genuine disputes over facts that might affect the outcome of the case under the governing substantive law preclude the

---

[3] Plaintiff also claims Defendant breached the Contract by not paying additional amounts for unused vacation and vested benefits, but these items are not addressed by Plaintiff's Motion.

3

entry of summary judgment. *Id*. at 248. "[A] trial judge must bear in mind the actual quantum and quality of proof necessary to support liability" and must determine whether the evidence presented is sufficient to allow a reasonable jury to find liability. *Id*. at 254. "[I]f under the governing law, there can be but one reasonable conclusion," summary judgment is proper. *Id*. at 250.

## Discussion

The Oklahoma Statutes provide rules of contract interpretation. *See Kerr-McGee Corp. v. Admiral Ins. Co*. 905 P.2d 760, 763 (Okla. 1995). "The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity." Okla. Stat. tit. 15, § 154. "The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed." *Id*. § 160. "Technical words are to be interpreted as usually understood by persons in the profession or business to which they relate, unless clearly used in a different sense." *Id*. § 161. "If language of a contract is clear and free of ambiguity the court is to interpret it as a matter of law, giving effect to the mutual intent of the parties at the time of contracting." *Pitco Production Co. v. Chaparral Energy, Inc*., 63 P.3d 541, 545 (Okla. 2003) (footnotes omitted). The question of whether a contract is ambiguous is also a matter of law for the court. *Id*.; *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 376 (Okla. 1991). "The mere fact that the parties disagree or press for a different construction does not make an agreement ambiguous." *Pitco*, 63 P.3d at 545.

4

Upon consideration of the issues presented by the Motion, the Court finds that the Contract is unambiguous and that the "Continuation of Base Salary" provision is not applicable under the undisputed facts shown by the record. By its terms, the Contract could end or terminate in two ways – either by expiration of a definite term through nonrenewal (as provided by ¶ 2), or by termination at a different time upon the happening of an event (as provided by ¶ 7). Noticeably absent from Plaintiff's argument is any contention that she was terminated without cause pursuant to ¶ 7.1(c) of the Contract. According to ¶ 7.5.2, under which Plaintiff claims entitlement to additional pay, Defendant was required to continue paying her salary after the Contract ended only "[i]f this Agreement is terminated by [Defendant] pursuant to Section 7.1(c)." The undisputed facts are clear that the Contract was not renewed as provided by ¶ 2 and expired; it was not terminated by Defendant without cause as provided by ¶ 7.1(c). Therefore, the contractual provision for continued salary payment was inapplicable.

**Conclusion**

For these reasons, the Court finds as a matter of law on the undisputed facts presented that Plaintiff was not entitled to be paid additional salary after the Contract ended on December 2, 2016, and therefore, Plaintiff is not entitled to summary judgment on her breach of contract claim as sought by her Motion.[4]

IT IS THEREFORE ORDERED that Plaintiff's Motion for Partial Summary Judgment [Doc. No. 25] is DENIED.

---

[4] Defendant has filed a motion for summary judgment in its favor on Plaintiff's claims, including her breach of contract claim. Defendant's motion will be addressed by a separate order.

IT IS SO ORDERED this 4th day of September, 2018.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE